UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
KEVIN OSORIO,                                              Index No. 15-cv-1253

                              Plaintiffs,
                                                            **COMPLAINT**

            -against-

LAW OFFICE OF KAREN FERRARE, P.C.,                         **JURY TRIAL**
                                                            **DEMANDED**
                                                   Defendant.
------------------------------------------------------------------------x

KEVIN OSORIO ("Plaintiff") by his attorneys, BOUKLAS GAYLORD LLP, brings this action for damages and other legal and equitable relief from the Defendants, LAW OFFICES OF KAREN FERRARE, P.C. ("Defendant"), for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New York State Labor Law ("Labor Law"), the Wage Theft Prevention Act ("WTPA") the New York Code of Rules and Regulations ("N.Y.C.R.R.") and any other causes of action that can be inferred from the facts set forth herein:

## INTRODUCTION

1. This is an action brought by Plaintiff challenging acts committed by Defendant against Plaintiff amounting to violations of Federal and State wage and hour laws.

2. Defendant committed violations of these laws by engaging in a systematic scheme of failing to compensate Plaintiff his agreed upon wages.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C.A. § 201 *et seq.* and by the provisions of 28 U.S.C.A. § 1337, relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."

1

4. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendant maintains offices, conducts business and resides in this district.

## **PARTIES**

6. Plaintiff is a citizen of New York and resides in Glen Oaks, New York.

7. Upon information and belief, Defendant LAW OFFICE OF KAREN FERRARE, P.C., is a domestic corporation, existing and incorporated under the laws of the State of New York, with an office location at 162 post Avenue, Westbury, New York.

## **FACTS**

8. During the period from approximately January 1, 2013 through June 30, 2014, Plaintiff was employed as a paralegal working for Defendant.

9. The parties' agreed rate of pay for the Plaintiff was $1,200 per week which was to be paid to Plaintiff on a weekly basis.

10. During this period Defendant was subject to the FLSA, Labor Law, WTPA, and any other applicable federal and state wage requirements and labor laws.

11. During this period, Plaintiff was not an exempt employee under any applicable minimum wage requirements.

12. During this period, Plaintiff worked approximately forty-five hours per week performing paralegal services for Defendant.

13. During the period of approximately March 10, 2014 through June 27, 2014 Defendant willingly and knowingly failed to pay full wages to Defendant.

14. For the services performed, Plaintiff was entitled to the agreed-upon wages of $13,200.

15. During this period, Defendant willfully refused to pay Plaintiff wages of at least $13,200 that were rightfully owed to the Plaintiff for services rendered to Defendant.

16. The full amount of $13,200 remains due and owed to Plaintiff as wages for services performed.

17. Defendant's failure to pay the full amount of wages owed to Plaintiff was, and is in violation of federal and state wage laws.

18. A good faith basis for believing that the underpayment of wages was in compliance with applicable wage laws does not exist.

19. At all times relevant herein, Defendant failed to provide Plaintiff with a wage statement.

20. Plaintiff made multiple demands for payment of the $13,200 to Defendant both during and after the relevant period.

21. Defendant acknowledged the debt and outstanding wages to Plaintiff yet has failed to pay any amount of the wages.

### AS AND FOR A FIRST CAUSE OF ACTION
### For Violation of the New York Labor Law

22. Plaintiff hereby incorporates all of the allegations contained in all of the preceding and following paragraphs by reference as if fully set forth herein.

23. Plaintiff was required to work at a rate of compensation less than the agreed upon rate of pay rate of pay. These practices were willful and lasted for the duration of the relevant time period.

24. By failing to pay Plaintiff his agreed-upon wages, Defendant was in violation of minimum wage requirements.

25. This practice is in violation of New York Labor Law.

## AS AND FOR A SECOND CAUSE OF ACTION
### For Violation of Fair Labor Standards Act

26. Plaintiff hereby incorporates all of the allegations contained in all of the preceding and following paragraphs by reference as if fully set forth herein.

27. Plaintiff was required to work at a rate of compensation less the statutorily required minimum hourly rate of pay. These practices were willful and lasted for the duration of the relevant time period.

28. This practice is in violation of the Fair Labor Standards Act.

## AS AND FOR A THIRD CAUSE OF ACTION
### For Violation of New York Labor Law

29. Plaintiff hereby incorporates all of the allegations contained in all of the preceding and following paragraphs by reference as if fully set forth herein.

30. At no time during the period relevant to this action did Defendant provide a wage statement to Defendant.

31. Defendant's failure to provide a wage statement to Defendant was a willing violation the New York Labor Law.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Common Law Breach of Contract

32. Plaintiff hereby incorporates all of the allegations contained in all of the preceding and following paragraphs by reference as if fully set forth herein.

33. A valid employment contract existed between the parties.

34. Plaintiff performed under the contract.

35. Defendant, by willfully refusing to pay Plaintiff wages to which he was entitled, breached the employment contract.

36. Plaintiff has suffered damages as a result of Defendant's breach.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

1. Demand a jury trial on these issues to determine liability and damages;

2. A judgment declaring that the practices complained herein are unlawful and in violation of New York Labor Law and the Fair Labor Standards Act;

3. All damages which Plaintiff and FLSA Plaintiffs have sustained as a result of Defendant's conduct, including back pay, general and special damages for lost compensation and job benefits they would have received but for Defendant's improper practices;

4. Statutory damages in an amount equal to one hundred (100%) percent of the Plaintiff's lost wages pursuant to the FLSA.

5. Statutory punitive damages equal to one hundred (100%) percent of Plaintiff's lost wages pursuant to New York Labor Law.

6. Statutory damages for Defendant willfully refusing to provide Plaintiff with wage statements.

5

7. Exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional acts where appropriate and permitted by law;

8. Awarding Plaintiff and his costs and disbursements incurred in connection with this action including reasonable attorneys' fees, and other costs;

9. Pre-judgment and post-judgment interest, as provided by law; and

10. Granting such other and further relief as this Court deems necessary and proper.

Dated: Jericho, New York
March 9, 2015

Mark Gaylord, Esq.
Bouklas Gaylord LLP
400 Jericho Turnpike, Suite 226
Jericho, NY 11753
(516) 742-4949 – phone
(516) 742-1977 – fax

STATE OF NEW YORK           )
                            ) ss.:    **VERIFICATION**
COUNTY OF NASSAU            )

KEVIN OSORIO, being duly sworn, deposes and says: I am the plaintiff in the within action; I have read the foregoing complaint and know the contents thereof; the same is true to my knowledge, except as to the matters stated therein to be alleged on information and belief and as to those matters, I believe them to be true.

_____
Kevin Osorio

Sworn to before me on this 9th
day of March, 2015

_____
Notary Public

7